# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Santiago Alberto Altamirano,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | CV-08-137-TUC-DCB (JCG)<br><br>**REPORT & RECOMMENDATION** |

Petitioner Santiago Alberto Altamirano has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus (Doc. No. 1), Petitioner's Amended Petition (Doc. No. 6) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Doc. No. 8.) Petitioner did not file a Reply. The Magistrate Judge recommends that the District Court deny the Petition.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On February 7, 2005, Petitioner pled guilty in three separate cases to aggravated driving under the influence of an intoxicant (DUI) while his license was suspended, the latter two offenses with two prior DUI convictions.[1] The trial court sentenced Petitioner to a

---

[1] In CR-2004-0875, Petitioner pled guilty to aggravated DUI while license is suspended for the offense committed on January 3, 2004. (Answer, Exhibit A.) In CR-2004-2130, Petitioner pled guilty to aggravated DUI while license is suspended for the offense committed on June 4,

presumptive 2.5 year prison term in CR-2004-0875 and presumptive ten-year prison terms in CR-2004-2130 and CR-2004-4278. (Answer, Exhibit D.) The trial court ordered the presumptive 2.5 year sentence in CR-2004-0875 to run concurrently with the presumptive 10 year sentences in CR-2004-2130 and CR-2004-4278, but ordered that the term in CR-2004-4278 be served consecutively with the term in CR-2004-2130. (*Id.*)

The court found in aggravation that Petitioner had four prior felony convictions, seven misdemeanor convictions, a pattern of alcohol abuse coupled with driving which posed a risk to the community and four DUI arrests within a ten-month time period. (Answer, Exhibit G at 2-3.) The court found in mitigation that Petitioner had mental health problems, was a veteran, had physical health problems, had made rehabilitation efforts, had family support, that the offense was non-violent, and that the Petitioner was remorseful. (*Id.* at 3.) After balancing aggravating and mitigating circumstances, the court determined that the presumptive terms for sentencing were appropriate. *(Id.)*

Petitioner sought post-conviction relief, under Ariz. R. Crim. P. Rule 32.1 ("Rule 32 Petition"), arguing that the trial court did not properly weigh all mitigating factors due to newly discovered evidence and/or ineffective assistance of counsel. (Petition, pp. 17-22.)[2] Specifically, Petitioner argued that four mitigating circumstances were not adequately presented by counsel at the sentencing hearing: (1) Petitioner's honorable discharge from the military for an eye injury, (2) Petitioner's voluntary attempts to rehabilitate from his alcohol and drug addictions, (3) the fact that Petitioner has a twelve year-old son who would no longer have a primary care giver, and (4) Petitioner's medical conditions - cirrhosis and Hepatitis C. (*Id.*) Petitioner further contended that if these four factors had been presented,

---

2004. (Answer, Exhibit B.) As part of the plea agreement, Petitioner admitted to two prior felony DUI convictions, CR-2004-0875 and CR-2004-0835. (*Id.*) In CR-2004-4278, Petitioner pled guilty to a charge of aggravated DUI while license is suspended, which occurred on October 24, 2004. (Answer, Exhibit C.) As part of the plea agreement, Petitioner again admitted to two prior felony DUI convictions. (*Id.*)

[2]Petitioner included his state court filings and the state court's rulings within the claims raised in his Petition. As the documents are not separated or attached chronologically as exhibits, and so that the documents may be readily reviewed, this Court cites to the relevant document by the page number at which it appears in the Petition.

the trial court would have imposed consecutive, rather than concurrent, sentences.

In an In Chambers Ruling, the trial court denied Petitioner's Rule 32 Petition, finding that counsel had fully developed and the sentencing court had fully considered Petitioner's honorable discharge and voluntary rehabilitation efforts. (Answer, Exhibit G.)[3] The court rejected the circumstance that the Petitioner's mother had since died, leaving his twelve-year-old son without a primary caregiver, because she had been alive at the time of sentencing; the court noted that whether the sentences were to run concurrently or consecutively would make no difference to the child because the term of imprisonment would be a minimum of ten years, at which time the child would be twenty-one years old. (*Id*. at 3-4.)  The court indicated that the Petitioner's health conditions were included with his social history, that trial counsel argued in mitigation that Petitioner had physical health problems and that the court found those problems to be mitigating circumstances. (*Id*. at 4.) The court concluded that Petitioner was incorrect in his assertion that the court did not receive a full presentation of his health issues at sentencing.  (*Id*.) In response to Petitioner's assertion that if the four mitigating factors had been presented, the trial court would have imposed concurrent, rather than consecutive, sentences, the court noted that Arizona's sentencing statutes require that multiple sentences run consecutively unless the court expressly directs otherwise and provides on the record the reason for its sentence.  A.R.S. § 13-708.  The court acknowledged that it had the discretion to sentence Petitioner to concurrent terms, but chose to impose a consecutive term instead.  Accordingly, the trial court denied relief, finding counsel's representation to be adequate. (*Id*.)

On May 4, 2006, Petitioner filed a petition for review by the Arizona Court of Appeals. (Doc. No. 1 at 33.)  Petitioner argued that trial counsel was ineffective because counsel: (1) led Petitioner to believe that the sentences imposed in CR-2004-2130 and CR-

---

[3] In numerous instances, the citations to exhibits in the Government's response do not correspond to the actual exhibits.  For example, Respondent erroneously cites the trial court's ruling as Exhibit E; Exhibit E is the jury verdict in CR 2004-0835. The trial court's In Chambers Ruling is found at Exhibit G.

1 2004-4278 would be served concurrently, (2) failed to object to the court's findings that he had prior DUI convictions, and (3) failed to present sufficient mitigating evidence to persuade the trial court to impose concurrent sentences. (Answer, Ex. H at 4.)

On January 31, 2007, the court of appeals granted review but denied relief. (*Id.*) The court of appeals found that Petitioner did not present the first two ineffective counsel claims to the trial court. With respect to Petitioner's claim that counsel failed to present sufficient mitigating evidence at sentencing, the court agreed with the trial court's determination that it had considered and counsel had fully presented the mitigating evidence. The appellate court noted that trial counsel filed both a sentencing memorandum and an addendum to that memorandum, obtained three continuances of the sentencing hearing to discuss the issue, and argued at length at the sentencing hearing in an effort to persuade the trial court to impose concurrent sentences. The court concluded that counsel was not ineffective simply because he was unsuccessful. The court further concluded that the trial court did not abuse its discretion in imposing consecutive sentences or in denying Petitioner's post-conviction challenge to that determination.

Petitioner appealed that decision to the Arizona Supreme Court; on November 19, 2007, the court denied review. (Answer, Exhibit I.)

On February 25, 2008, Petitioner filed his Petition for Writ of Habeas Corpus in federal court. (Doc. No. 1.) The Petition presents four claims for relief:

1.  **Ground 1**: Petitioner received ineffective assistance of counsel because trial counsel failed to: (a) investigate and argue all mitigating factors, (b) advise him of the judge's ability to impose consecutive sentences, and (c) object when the judge failed to treat Petitioner's health as a mitigating circumstance;

2.  **Ground 2**: The trial judge erred in sentencing Petitioner by: (a) failing to regard health concerns as a mitigating factor, (b) essentially giving Petitioner a life sentence because of his poor health, (c) sentencing Petitioner to consecutive sentences, (d) sentencing Petitioner on one occasion for two separate incidents, and (e) failing to advise Petitioner that he could receive consecutive sentences;

3. **Ground 3**: The trial court's sentencing was unconstitutional because: (a) the State never gave Petitioner notice of the severity of the punishment if found guilty, therefore, the plea was not entered into knowingly, intelligently and voluntarily, and (b) the sentence was unconstitutionally excessive;

4. **Ground 4**: The State breached the plea agreements by improperly sentencing Petitioner under A.R.S. § 13-604.

## DISCUSSION

Petitioner has failed to exhaust his state court remedies with respect to Grounds 1(b)-(c), 2(a)-(e), 3(a)-(b), and 4. Petitioner's only properly exhausted claim, Ground 1(a), is without merit.

**A.  Exhaustion**

    **i.  Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted).  The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. To fairly present a claim, a petitioner must present the claim with sufficient

particularity. *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986).

A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### ii.   Ground 1(b)

Petitioner procedurally defaulted his claim that counsel was ineffective by failing to inform Petitioner that the judge could impose consecutive sentences because Petitioner failed to present this claim to the trial court in his Rule 32 Petition. Although Petitioner presented this claim in his appeal from the trial court's denial of post conviction relief, the appellate court also found that the claim was not presented to the trial court and therefore did not address the claim on the merits. (Answer, Exhibit H, p. 5.) Petitioner procedurally defaulted this claim and is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on this claim in state court absent an applicable exception, which

Petitioner does not assert. *See* Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h).[4]

### iii. Grounds 1(c), 2(a)-(e), 3(a)-(b), and 4

Petitioner failed to allege Grounds 1(c), 2(a)-(e), 3(a)-(b), and 4 before the state trial court or the state appellate court and thus, did not given the state courts a fair opportunity to review these claims. 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. Accordingly, these claims are likewise procedurally defaulted.[5]

### iv. Petitioner does not qualify for an exception to the procedural bar.

State procedural default bars federal habeas review unless a petitioner demonstrates "cause for the default and prejudice attributable thereto, or demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (citations omitted; internal quotation marks omitted); *Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir. 1992). "'Cause' is a legitimate excuse for the default, and 'prejudice' is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991)(citing *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984)). "To demonstrate cause, a petitioner must show that some objective factor external to the defense impeded [petitioner's] efforts to raise

---

[4] In addition, Claim 1(b) lacks merit. The record shows that at the change of plea hearing, the trial judge stated to Petitioner, "there's no agreement in these plea agreements as to whether any sentence imposed for the June 4th and October 24th violations, whether those will be concurrent, meaning they run at the same time; or whether they will be consecutive, one will follow the other. Do you understand all those possibilities?" (Answer, Exhibit K, at 8-9.) Petitioner responded, "Yes, I do." (*Id.* at 9.)

[5] The government's determination of which claims are exhausted or unexhausted differs from this court's conclusion. The government contends that "the only ineffective assistance of counsel claim that Petitioner presented to the state courts is his claim that counsel was ineffective for failing to explain to him that, under the plea agreements, the trial court might order his sentences for his second and third plea-based convictions to run consecutively." (Response, Doc. 8, pp. 6-7.) The record is to the contrary. The state trial court's in-chambers ruling addresses only Petitioner's claim that the court failed to consider certain mitigation evidence which was newly discovered or should have been presented but for trial counsel's ineffectiveness. (Response, Ex. I, p. 1.) The state appellate court found that the Petitioner presented to the trial court only his claim that his counsel was ineffective for failing to present four circumstances at sentencing. (Response, Ex. H, pp. 4-5.) The state appellate court found that Petitioner failed to raise claims that his trial counsel was ineffective in leading him to believe that his sentences would be concurrent. (*Id.* at 4-5.)

7

the claim in state court." *Bonin v. Calderon*, 77 F.3d 1155, 1158 (9th Cir. 1996) (citations omitted; internal quotation marks omitted).  To prove that a fundamental miscarriage of justice will result from the failure to consider the claims raised in a habeas petition, a prisoner must make a factual showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 322-23 (1995); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324.  Petitioner has not presented any arguments in his Petition which constitute a showing of cause and prejudice or a fundamental miscarriage of justice.

**C.     Merits- Ineffective Assistance of Counsel**

Petitioner properly presented Ground 1(a) in his post-conviction relief proceedings to the trial court and on appeal. Accordingly, Ground 1(a) is properly exhausted and the Court will consider the merits of this claim.

**i.     Standard of Review**

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. *Wainwright v. Witt*, 469 U.S. 412, 426 (1985).  The presumption of correctness also applies to a state appellate court's findings of fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981).  The question presented in a state prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991). This Court's review is limited to whether the state court's judgment was contrary to, or involved an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1); or whether the state court's ruling was unreasonable based on the evidence presented in the proceedings. 28 U.S.C. § 2254(d)(2). *See Yarborough v. Alvarado*, 541 U.S. 652, 665-66 (2004).

Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *Reed v. Farley*, 512 U.S. 339 (1994).  General improprieties occurring in state

proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Bonin*, 77 F.3d at 1158. The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

### ii. Ground 1(a) - Ineffective Assistance of Counsel

In Ground 1(a), Petitioner argues that he received ineffective assistance of counsel because trial counsel failed adequately to investigate and argue all mitigating factors at sentencing.

In considering the Rule 32 petition, the Arizona Court of Appeals[6] applied the appropriate federal law. The court cited to *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) for the proposition that "to state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance was objectively unreasonable under prevailing professional standards and that counsel's deficient performance prejudiced the defense." (Petition, pp. 63.) *Strickland v. Washington*, 466 U.S. 668 (1984) is the leading United States Supreme Court case governing ineffective assistance of counsel claims. Thus, Petitioner has failed to demonstrate that the state court's decision was contrary to federal law.

The appellate court's application of *Strickland* to the facts before it was reasonable. The appellate court confirmed the trial court's conclusion that trial counsel presented and the trial court considered all four mitigating circumstances at sentencing. On collateral review, the trial court and court of appeals both found that trial counsel had sufficiently argued at

---

[6] When applying the AEDPA and reviewing whether a state court decision is contrary to federal law, this court must look to the state's last reasoned decision as the basis for its judgment. *Avila v. Galaza*, 297 F.3d 911, 918 & n. 6 (9th Cir.2002).

sentencing the first two mitigating circumstances: Petitioner's honorable discharge and his voluntary attempts to rehabilitate. (Answer, Exhibit G at 3 and Exhibit H at 5.) The record supports these findings. At the sentencing hearing counsel stated, "Mr. Altamirano has been honorably discharged from service for our country . . . he has support from the Veterans Administration." (Answer, Exhibit J at 9, line 11.) Trial counsel highlighted the great sacrifice the Petitioner made to his country as a war veteran. (*Id.* at 9, line 13 and at 11, line 15.)

Trial counsel also in a very favorable light presented Petitioner's drug addiction and efforts to rehabilitate himself at the Veterans' clinic. (Answer, Exhibit J at 9-10.) Counsel argued, "[u]nfortunately, Mr. Altamirano has substance abuse problems. Those problems have been recurring and he has demonstrated the ability to defeat those addictions . . . He was addicted to narcotic drugs and overcame that addiction through support at the Veterans Hospital and through his own strong will and desire to be clean and sober." (*Id.*) As the court of appeals noted, counsel was not ineffective simply because he was unsuccessful. (Answer, Exhibit H at 6.)

The record supports the trial court's rejection of the third mitigating circumstance, which focused on the death of Petitioner's mother, who was the primary care giver to Petitioner's twelve year old child, because the mother was alive at the time of sentencing. (Answer, Exhibit G at 3-4 and Exhibit H at 5.) The state courts reasonably concluded that her death was not newly discovered evidence and that trial counsel was not ineffective in failing to argue that fact. Counsel could not have discovered and argued at sentencing a death which had not occurred.[7]

The record also supports the state courts' determination that trial counsel was not

---

[7] Notably, trial counsel did argue, "Mr. Altamirano's mother . . . clearly needs Santiago to help. And no matter what the Court imposes, there will be a time where he is not going to be there to help her and obviously he is a big influence on her." (Answer, Exhibit J at 9.) Clearly counsel argued to the extent possible that Petitioner's mother's would be dependent upon Petitioner.

10

ineffective in presenting Petitioner's health problems.  Petitioner's health conditions were included within Petitioner's social history. (Answer Exhibit G at 4 and Exhibit H at 5.) Trial counsel made the ramifications of a consecutive twenty year sentence clear to the court. (Answer, Exhibit J at 8.) Trial counsel stated, "[w]hat the State wants you to do with [Petitioner] is give him a life sentence. Mr. Altamirano is 51 years old.  If the Court imposes consecutive sentences, 20 years, Mr. Altamirano will not live out that time in prison. He has health problems. The Court is aware of those problems." (*Id.*)

In sum, Petitioner has failed to show either that the state courts misapplied federal law or that the state courts' ruling was unreasonable based on the evidence presented. 28 U.S.C. § 2254(d).  The state court's finding that trial counsel's performance was objectively reasonable is clearly supported by the record. Because the Court concludes that Petitioner failed to demonstrate that the state court erred in concluding counsel was ineffective, determining whether the results of the proceedings would have been different is unnecessary. *Strickland,* 466 U.S. at 697.

## **RECOMMENDATION**

For all of the above reasons, the Magistrate Judge recommends that the District Court, after its independent review, DENY Petitioner's Motion Under 28 U.S.C. § 2254 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. See 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties shall have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV-08-137-TUC-DCB**.

1  Failure to timely file objections to any factual or legal determination of the Magistrate
2 Judge may be considered a waiver of a party's right to de novo consideration of the issues.
3 *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

4  DATED this 22nd day of August, 2008.

_____
Jennifer C. Guerin
United States Magistrate Judge