**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Santiago Alberto Altamirano, | ) | |
| | ) | CV-08-137-TUC-DCB |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| Dora B. Schriro, et al., | ) | **ORDER** |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the local rules of practice of this Court for a Report and Recommendation (R&R) on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Before the Court is the Magistrate Judge's Report and Recommendation, which recommends that the Petition be denied and dismissed. The Petitioner filed Substantive Objections to the Report and Recommendation on October 14, 2008.

**PETITIONER'S OBJECTIONS**

Petitioner's sole objection is that neither the Answer nor the Recommendation addresses Petitioner's amended Ground IV on the merits: "the sentencing court abused its discretion by sentencing the Petitioner outside constitutional limits creating an illegal sentencing which constituted fundamental error, to violate Petitioner's 5th, 6th, and 14th Amendment's rights to Due Process under the United States Constitution." (Objections at 3.) The thrust of Petitioner's sentencing problem is that

he believes that two historical prior convictions were improperly used to enhance his state sentence. (Objections at 4.) "Because the trial court accepted defendant's guilty pleas in all three cases at the same time, none of the resulting convictions proceeded any others . . . " and hence could not be treated as historical priors.  (Objections at 6.)

## STANDARD OF REVIEW

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## DISCUSSION

Petitioner was convicted in Pima County Superior Court, case #CR-20040875, CR-20042130, and CR-20044278, of Aggravated Driving Under the Influence. He was sentenced to a 2.5-year prison term in CR-20040875 and 10-year prison terms in CR-20042130 and CR-20044278; the terms in CR-20044278 and CR-20042130 were to be served consecutively.  As part of the plea agreement, Petitioner admitted to two prior felony DUI convictions, CR-20040875 and CR-20040835.  During the sentencing, the Superior Court found in aggravation that Petitioner had four prior felony convictions, seven misdemeanor convictions, a pattern of alcohol abuse coupled with driving which posed a risk to the community and four DUI arrests within a ten-month time period.  The Superior Court found in mitigation that Petitioner had mental health problems, was a veteran, had physical health problems, had made rehabilitation efforts, had family support, that the offense was nonviolent, and that the Petitioner was remorseful.  After balancing aggravating and mitigating circumstances, the Superior Court determined that the presumptive terms for sentencing were appropriate.

During post-conviction proceedings, Petitioner's sentence was repeatedly reviewed and upheld.

After a thorough analysis, the Report and Recommendation found that, "In sum, Petitioner has failed to show either that the state courts misapplied federal law or that the state courts' ruling was unreasonable based on the evidence presented. 28 U.S.C. § 2254(d)."  (R&R at 11.) Contrary to Petitioner's assertions in his Objections, the Report and Recommendation specifically addresses his concerns about the sentence imposed.

"[A] federal court may not issue a habeas petition 'with respect to any claim that was adjudicated on the merits in State court proceedings' unless the state court decision: 1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *McCambridge v. Hall,* 303 F.3d 24, 34 (1st Cir. 2002) (quoting 28 U.S.C. §  2254(d)). A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-413 (2000). A decision represents an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413. An "unreasonable application" requires "some increment of incorrectness beyond error . . .   The

3

1 increment need not necessarily be great, but it must be great enough to
2 make the decision unreasonable in the independent and objective judgment
3 of the federal court." *McCambridge,* 303 F.3d at 36.

4     Petitioner asserts that the sentence imposed by the state court
5 violated his Due Process rights and was greater than necessary, which
6 deprived Petitioner of fundamental fairness. (Objections at 6.)
7 Basically, Petitioner urges that his sentence is excessive in relation
8 to the offenses committed. The Eighth Amendment "forbids only extreme
9 sentences that are 'grossly disproportionate' to the crime." *Solem v.*
10 *Helm,* 463 U.S. 277, 288 (1983). Petitioner's sentence is neither extreme
11 nor grossly disproportionate and does not violate the U.S. Constitution.

12     Habeas review of state court sentencing determinations is only
13 available when a Petitioner asserts that he was sentenced in violation
14 of the Constitution and, "[n]o federal constitutional issue is presented
15 where, as here, the sentence is within the range prescribed by state
16 law." *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir. 1992)("Sentencing
17 decisions are not cognizable on habeas corpus review unless the sentence
18 imposed falls outside the range prescribed by state law."). Petitioner's
19 sentence was within the range prescribed by Arizona law, hence there is
20 no basis for additional federal habeas review.

### CONCLUSION

22     Accordingly, after conducting a de novo review of the record,
23     **IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation
24 (Doc. No. 10) in its entirety. The Objections raised by the Petitioner
25 are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED** and this action is **DISMISSED** with prejudice.  Final Judgment to enter separately.

DATED this 24th day of October, 2008.

David C. Bury
United States District Judge